**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2358-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADRIAN J. TAYLOR,
a/k/a ADRIAN TAYLOR,
ADRIEN J. TAYLOR,
JAMAIN A. TAYLOR,
and LAMONT WILLIAMS,

    Defendant-Appellant.

_____

Submitted April 13, 2021 – Decided May 19, 2021

Before Judges Gilson and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 17-12-3310.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Jason Magid, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following the denial of his motion to suppress physical evidence seized in accordance with a warrant, defendant Adrian Taylor pled guilty to third-degree possession of cocaine with intent to distribute within 1,000 feet of a school zone, N.J.S.A. 2C:35-7(a).  As called for in his plea agreement, defendant was sentenced to four years in prison with two years of parole ineligibility.  He appeals from his conviction, arguing that his motion to suppress should have been granted.  We disagree and affirm.

I.

In May 2017, the Camden County Police Department applied for a warrant to search a house located on Collins Road in Camden.  The application was supported by an affidavit from a detective assigned to the department's narcotics and vice section.  The detective certified that during the week of May 21, 2017, she received information from a confidential informant (CI) who had previously provided reliable information concerning other narcotics investigations.  The CI reported that "a black male" was selling heroin and cocaine from a residence located on Collins Road.  The detective also certified that during that same week, the CI engaged in two controlled purchases of cocaine at the residence, and both those purchases were supervised by detectives.  The detective explained that

prior to both purchases, she met with the CI, searched the CI to confirm that there were no drugs or money already on the CI, and provided the CI with money. Detectives watched the CI go to the front door of the house, enter, and later exit the residence. Immediately thereafter, the CI met with detectives, told the detectives he or she had purchased cocaine from a black male in the house, and turned over substances that tested positive as cocaine.

Based on the detective's affidavit, a Superior Court judge issued a warrant to search the home on Collins Road. Although the parties do not say so, apparently cocaine and heroin were seized from the home and defendant was determined to be in possession of those illegal drugs.

In June 2017, a grand jury indicted defendant for eight third-degree crimes related to the possession and distribution of cocaine and heroin. Defendant moved to suppress the evidence seized during the execution of the search warrant and to compel the disclosure of the CI's identity. The trial court heard oral arguments but did not conduct an evidentiary hearing. Instead, the court reviewed the warrant application and briefs.

On May 24, 2018, the trial court issued two orders: one denying the motion to suppress and a second denying the motion to reveal the CI's identity.

A-2358-19

II.

Defendant appeals, arguing:

> POINT I – THE AFFIDAVIT DID NOT PROVIDE PROBABLE CAUSE TO ISSUE THE SEARCH WARRANT
>
> POINT II – THIS COURT SHOULD ADOPT THE PRINCIPLES OF STATE V. CASAL, 699 P.2D 1234 (WASH. 1985), WHICH ALLOW FOR IN CAMERA HEARINGS THAT ALLOW DEFENDANTS TO CHALLENGE THE TRUTHFULNESS AND ACCURACY OF AFFIDAVITS THAT CONTAIN THE HEARSAY RECITATION OF INFORMATION SUPPOSEDLY PROVIDED BY A CONFIDENTIAL INFORMANT

"[A] search executed pursuant to a warrant is presumed to be valid and . . . a defendant challenging its validity has the burden to prove 'that there was no probable cause supporting the issuance of the warrant or that the search was otherwise unreasonable.'" State v. Jones, 179 N.J. 377, 388 (2004) (quoting State v. Valencia, 93 N.J. 126, 133 (1983)). "Accordingly, courts 'accord substantial deference to the discretionary determination resulting in the issuance of the [search] warrant.'" State v. Keyes, 184 N.J. 541, 554 (2005) (alteration in original) (quoting Jones, 179 N.J. at 388).

"Probable cause for the issuance of a search warrant requires 'a fair probability that contraband or evidence of a crime will be found in a particular

4

place.'" State v. Chippero, 201 N.J. 14, 28 (2009) (citation omitted). To determine whether there was probable cause, we look only at the information within "the four corners of the supporting affidavit." Id. at 26 (quoting Schneider v. Simonini, 163 N.J. 336, 363 (2000)).

"Information related by informants may constitute a basis for probable cause, provided that a substantial basis for crediting that information is presented." Jones, 179 N.J. at 389 (citing State v. Sullivan, 169 N.J. 204, 212 (2001)). The issuing court must consider the totality of the circumstances in determining whether an informant's tip establishes probable cause, including the informant's "veracity and basis of knowledge." Ibid. (citing State v. Novembrino, 105 N.J. 95, 123 (1987)). "[R]elevant corroborating facts may include a controlled drug buy performed on the basis of the tip, positive test results of the drugs obtained, records confirming the informant's description of the target location, the suspect's criminal history, and the experience of the officer who submitted the supporting affidavit." Keyes, 184 N.J. at 556 (citing Jones, 179 N.J. at 390-91). "[A] successful controlled [drug] buy 'typically will be persuasive evidence in establishing probable cause.'" Ibid. (quoting Jones, 179 N.J. at 392) (internal quotation marks omitted).

A-2358-19

Defendant contends that the affidavit was deficient in three respects: (1) it failed to provide facts establishing the reliability of the CI; (2) it provided no factual basis for the CI's report that a black male was distributing drugs at the residence; and (3) no one saw drugs being stored inside the residence, and thus the drugs may have been on the person of the unidentified black male. We reject these arguments because the affidavit provided probable cause for the issuance of a warrant to search the residence on Collins Road.

The detective verified that the CI had provided reliable information in other investigations that resulted in seizures and arrests related to illegal drugs. The affidavit was also supported by surveillance of the controlled buys at the residence. Accordingly, "the totality of the circumstances, including . . . all relevant police corroboration," confirmed the CI's reliability and established probable cause. Id. at 557. Consequently, we reject defendant's argument that the motion court erred in denying his motion to suppress the physical evidence seized in accordance with the warrant.

Defendant also argues that we should adopt a rule allowing for in camera hearings to test the truthfulness of an affidavit containing information provided by a confidential informant. We decline to consider this argument for two reasons.

6

First, defendant did not request an in camera hearing in the trial court. Instead, defendant moved to compel the disclosure of the CI's identity. We generally decline to consider issues not raised before the trial court unless the issues relate to the trial court's jurisdiction or concern a matter of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also State v. Witt, 223 N.J. 409, 418 (2015) (declining to consider a challenge to motor vehicle stop's validity not raised to trial court).

Second, given that the affidavit did not solely rely on the CI, we discern no reason to consider the adoption of a new procedure or modification of current procedures concerning information obtained from confidential informants. See State v. Hernandez, 225 N.J. 451, 467 (2016) (citing State v. Milligan, 71 N.J. 373, 384 (1976)) (reiterating factors to be balanced by trial courts when considering motion for disclosure of a confidential informant's identity).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION